**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 96-4722

JOHN JAIRO ALVAREZ,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 96-4725

LUIS CARLOS BENJUMEA,
Defendant-Appellant.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Frank A. Kaufman, Senior District Judge.
(CR-95-354-K, CA-95-355)

Submitted: June 24, 1997

Decided: October 14, 1997

Before WILKINS, HAMILTON, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Roland Walker, WALKER, VANBAVEL, AMARAL & MEAD, P.A., Baltimore, Maryland; Howard L. Cardin, CARDIN & GITOMER, P.A., Baltimore, Maryland, for Appellants. Lynne A. Battaglia, United States Attorney, Katharine J. Armentrout, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Jairo Alvarez and Luis Carlos Benjumea appeal from their convictions and sentences imposed for possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1994). We affirm.

Alvarez and Benjumea raise four issues in their appeal to this court. First, they argue that the concededly legal traffic stop conducted by the Maryland state police exceeded the duration necessary for the completion of its intended purpose, and that the police officer detained Appellants for "exhibiting innocuous behavior without reasonable articuable suspicion of criminal activity." Our review of the testimony reveals that even assuming that the detention exceeded the duration necessary to effectuate the purpose of the traffic stop, the extension was justified by reasonable suspicion of a serious crime. See United States v. Rusher, 966 F.2d 868, 876-77 (4th Cir.), cert. denied, 506 U.S. 926 (1992). Accordingly, we affirm the district court's denial of Appellants' motion to suppress on this basis.

Appellants next contend that Alvarez, who executed the consent to search form, lacked the authority to do so. We find that the facts reveal common authority over the vehicle searched, and accordingly

2

we find no error in the district court's denial of Appellants' motion to suppress on this basis. See United States v. Matlock, 415 U.S. 164, 171 (1974).

Next, Alvarez contends that he lacked a sufficient understanding of the English language to comprehend and validly execute a consent to search form. While Alvarez presented two language experts who testi-fied that Alvarez performed so poorly on English comprehension tests that he could not understand the consent form, the Government pres-ented sufficient evidence to call into question whether Alvarez was actually attempting to pass these examinations--the basis upon which the experts' testimony was founded. Further, the Government pres-ented evidence sufficient to justify the district court's belief that Alva-rez had a sufficient comprehension of English so as to understand that the police wanted permission to search the car, and that he had the right to refuse to give such permission. Accordingly, we find no error in the district court's denial of Appellants' motion to suppress on this basis.

Finally, Alvarez contends that the district court failed to make a sufficient factual finding to justify a two-point enhancement for obstruction of justice via perjury under United States Sentencing Commission, Guidelines Manual, § 3C1.1 (Nov. 1995). Our review reveals that the district court clearly stated its belief that Alvarez lied regarding his ability to comprehend English in a deliberate attempt to mislead the court in a "sensitive" matter. We find this sufficient to uphold the district court's two-point enhancement. Accordingly, we affirm Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately pres-ented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3